Good morning, your honors. May it please the court, my name is Michael Henry, and I represent the petitioner Ghulam Mahboob. I would respectfully request that I reserve three minutes for rebuttal. Granted. The Board of Immigration Appeals in this case determined that petitioner's conviction under the indecent assault statute of section 3126A.8 of the Pennsylvania Criminal Statute constitutes a crime involving moral turpitude. The issue in this case is whether that decision is entitled to deference. We believe, first, that because the BIA departed from the categorical approach set forth in Partika, that it is not entitled to deference. Under that categorical approach, the court, as it's a... Well, before we get to the categorical approach, do we owe them deference in their definition of what moral turpitude is? Because, you know, they're an agency. We're supposed to, you know, do they have special knowledge, or has Congress vested them with regulatory understanding that we should respect? Because they deal with this all the time. We don't deal with it that often. The BIA is entitled to deference when it's interpreting a statute that it administers. And the statute that defines, or that makes a conviction of a crime involving moral turpitude a deportable offense is certainly a statute that is under their administration. So we... Judge Cowen's question calls for a yes answer. In fact, this Court has said as much in the NAPIC opinion where we indicated that we accord Chevron deference to the BIA's definition of moral turpitude. That's right. Well, the definition is entitled to deference, and they've defined two essential elements to be present in a crime involving moral turpitude. And those two elements are an actus reus, an inherently bad act, and a mens rea, which is an evil intent. And that definition, as it applies to state statutes, is entitled to deference. But the question here is whether they've appropriately applied it to the criminal, the statute of conviction. There are three important points about that. We've never said, this Court has never said on a precedential opinion, has it, that whether a criminal offense that does not contain a mens rea element can constitute a crime of moral turpitude. That's correct. I believe other circuits have, and the BIA certainly has. And that's what they're asserting here. But I think in the instances where other circuits have done so, and I think where the BIA has done so, in the context of strict liability sexual offenses, that all of those decisions rely on the fact that there was sexual intercourse or penetration. Well, yeah, but how does one, isn't intent inextricably bound up in the sexual molestation which was done here? How do you negligently or carelessly molest someone? It can't be done. So doesn't the statute that he was convicted under, by its very nature, bespeak intent? Well, there are several aspects to the statute of conviction which I think are important here. One is that the absence of consent is not an element. Secondly, the state of mind of the defendant with regard to the age of the claimant is also not at issue. And I think that... We look at it categorically. You're correct. And I think those two elements, and if you look at the categorical approach and the least culpable conduct under the statute... Yes, but before you get to that, let me just follow up on Judge Callan's question with respect to the statute and let me go to not merely the purpose of the statute, but explicit language of the statute, the definition of indecent contact, which requires that it be for the purpose of arousing or gratifying sexual desire in either person. Right. So as the earlier question suggested, we can't have merely a negligent occurrence of that event for it to be a violation of the statute, can we? Well, that does go to the mens rea element, but it doesn't go to the inherently base, the actus rea aspect of a crime involving moral turpitude. Because someone, two people can engage in that conduct in a consensual manner and it is not inherently based because it's a part of natural human conduct. So you're right, it does establish that there is some intent involved, but it establishes an intent with regard to an act which under the least culpable conduct standard is not inherently based. So both those things have to be present. I'm sorry, you lost me there. It went over my head. I understand as far as you went that engaging in this conduct is by its very nature intent to do so because you can't do this without intending to do it, correct? That's correct. But Petitioner intended to engage in the conduct. He didn't do this without knowing he was not doing it, did he? Correct. Okay, well, let's take it one step down. All right. So he intended to do the conduct, correct? That's right. Well, does that satisfy the mens rea requirement that the question of intent is fulfilled and the only remaining question is, is it so morally turpitudinous as to rise to the level of a moral turpitude? Well, I think the moral turpitude in this, if you're looking at a strict liability offense, the moral turpitude involves two aspects. One, the level of the seriousness of the conduct and also the age of the complainant. I think society naturally condemns this type of activity when the person's under a certain age and that's appropriate. But when you're talking about the intent and that all these are done purposefully, both elements have to be present. So if it's not an actus reis, even though the mens rea might be there as far as the actual act is concerned. What's the difference between actus, I'm not too sharp on this, but actus reis is different than mens rea? Yeah, I think actus reis shorthand is an inherently base act, an evil act. Well, hasn't the legislation, the statute itself makes it an evil act? Makes it an offense? Well, what they're making, an evil act is indecent contact, which... Intentionally, intentionally inflicted by nature of the very crime. Right, but if under the least culpable conduct standard, that doesn't constitute inherently base conduct. What is the least culpable conduct that someone could engage in this conduct, which you acknowledge is intentional, that is not morally, does not rise to moral turpitude? Is that the example in your brief? Well, there is an example in our brief where a 19 year old would... Kisses a 15. Kisses a 15 year old for the purposes of arousing sexual gratification. It's an intentional act, but it's not inherently base if he has no knowledge of the age of the victim there. That's not a defense to the statute, but it's not an inherently base act. If he reasonably believes that the person is above the age of the statute that's prohibited by the statute and he's engaging in conduct that is not inherently base, it's not a crime involving moral turpitude. Well, I'm aware of no case that anyone has ever been convicted under or even died under a statute similar as this for kissing a 15 year old girl. Well, even if the conduct goes beyond that, short of sexual intercourse, if someone is engaging in sexual activity with another person whom he reasonably believes to be above the age prohibited by the statute, that is not necessarily inherently base activity. But the legislature, Congress, or this case, the state, has ordained that when you have any type of conduct with a 15 year old girl, you are doing so at your peril. That's blanket. They've said this is criminal, and if you do so, you're doing it at your peril. Haven't they ordained that this conduct, if done, and it can only be done intentionally, haven't they in effect said that this rises to moral turpitude? Well, I understand that there is a policy there to protect young victims, and I think that's an appropriate policy for criminal statute purposes. But I think in terms of the civil proceeding as to whether someone is deportable or not, I think that you can't say that moral turpitude does involve some finding of evil act with evil intent. I know the legislature decided that eliminating the mens rea element was something that will tend to protect the young victims, and I think that's a good public policy, but it's not necessarily based on a decision that the acts that the statute prohibits are all moral turpitudinous. They just want to throw a wide blanket, a wide umbrella for protection, which is appropriate. I appreciate and commend you for your acknowledging that this conduct has got to be intentional. And what is your best argument to persuade us that given that this is intentional conduct, that categorically looking at the statute, a 19-year-old engaging in stroking a 15-year-old's breast, which is the facts of this case categorically, does not involve moral turpitude? It doesn't involve moral turpitude because under the circumstances where the person reasonably believes that the person is above the age of 15, that does not constitute, there's no evil intent there. So basically what the board is doing is saying that a crime involving moral turpitude no longer has to have an evil intent. And there may be intent with regard to the activity, but it's not an evil intent because the state of mind with regard to the age of the victim is what makes it evil. And because the statute doesn't require knowledge of the age of the victim, it therefore is not a crime involving moral turpitude. And that is the least culpable conduct pursuant to application of the categorical approach? I believe so, yes. Will you explain to me your argument with respect to Partika? I was on the Partika panel and I'm not sure I understand your position. With regard to what Partika requires? It's import for your argument here. Under this statute? Well, this statute is the only one applicable to this argument in this case. Yes, as far as Partika is concerned, the three elements of this offense which are important as far as that analysis is concerned is that it criminalizes conduct that is not inherently based because, as I said, it criminalizes normal sexual activity. It criminalizes indecent contact even where both parties are consenting. And there's no mens rea element with regard to the age of the victim. So using our example, the least culpable conduct here is not without applying the standard that the board applied here. So as you would read Partika, statutory rape could not be considered a crime involving moral turpitude, right? The court, I believe, would have to depart from Partika in order to find that, and other circuits have done so, and the board has done so. And I think that in this case, but I don't believe... The board has done what? Has departed from, not in this case, but in other cases, they've found that statutory rape constitutes a crime involving moral turpitude. I understand that. And I think all the other... I thought you were saying to the contrary. No, I believe all the other cases where the board or other circuits have departed from Partika, it's been in the statutory rape context where there's penetration. But my question is, isn't the import of your position and your argument under Partika that we would be required to regard statutory rape as a crime that does not involve moral turpitude? Yes, applying Partika and the law of this circuit as it is currently constituted, but as far as, you know, if the court chooses to adopt a standard which allows statutory rape to be included, it's not what's being presented here, because it's in decent conduct as I believe, and with statutory rape, there's always penetration or intercourse involved. In incest, there is, you know, the consent is not an issue, as consent would not be an issue here, but it's, you know, I think you have to distinguish between the seriousness of the offenses. You can, in fact, and there are cases, at least in various circuits and at the BIA, that actually look to conduct, too. And it's not clear in those cases whether there was a departure from the Partika categorical approach based on divisible, right, whether they were divisible statutes. Here, I don't believe there is a divisible statute, but whether outside of that exception for divisible statutes, whether the court could find. I think if the BIA is interpreting that, I think it's disturbing that a crime in which there is no mens rea, and I don't know whether in these other statutory rape statutes, and in the other cases, whether there is an absence of mens rea, but I think that if we depart from Partika and eliminate a mens rea element for crimes involving moral turpitude, I think it gets into some tricky territory. I have nothing further. Thank you very much, we'll have you back on rebuttal, Mr. Henry, Mr. Mankin. Good morning, Your Honors. Jeffrey L. Mankin, United States Department of Justice for the Attorney General. May it please the Court. Mr. Meboob was convicted on stipulated facts of indecent assault on a 15-year-old girl and was sentenced to probation for two years and required to undergo sex offender treatment. I believe that the board's construction of the statute here, that the section on indecent assault being a crime involving moral turpitude, is entitled to Chevron deference. Mr. Mankin, we apply the categorical approach, right? We all agree on that. What's wrong with Mr. Henry's hypothetical of the 19-year-old, 20-year-old kissing the 15-year-old? What's wrong with it, Your Honor? It's the least culpable conduct under the statute. Yes. The Pennsylvania legislature and the Pennsylvania Supreme Court has spoken to this. States that there is a legitimate societal interest in preventing contact between persons of certain ages, so the state has made the judgment on behalf of society that this is not conduct in which someone can engage, and I believe that any high school freshman or college freshman, sophomore, male or female understands that. Well, the argument being made by the petitioner is the exact same argument that was made in the Ninth Circuit in Quintero v. Salazar, which is exactly the argument here. And the Ninth Circuit found that the absence of the mens rea requirement, because of the categorical approach, does not qualify this as a statute dealing with mens rea. If we were to adopt your position, that would be unquestionably a circuit split, would it not? That's the risk one takes when dealing with the Ninth Circuit. Well, one can actually argue that the Ninth Circuit split with itself in Quintero v. Salazar, I believe, but that's perhaps... Well, that's their latest decision, and I don't think we're here to bash any circuit,  so it's a sister circuit, and that's their holding. Well, the point is, there are two different decisions from the Ninth Circuit, aren't there? Well, I would direct the court to the Guiricota decision, which came from this court. It's not published. However, I think it's instructive, because you're dealing with a statute that's almost verbatim the same as the Pennsylvania statute. There, it's a New Jersey statute where the victim is 16 years old and the actor is at least four years older, and the activity there was involved intentionally or touching or masturbating himself for the purpose of sexually arousing either party, and this court found that that was a reprehensible act committed with an appreciable level of consciousness, citing the Partika decision. Yeah, but for some reason, we didn't report it, so we can't look at it for precedent for any decision in this case. It's not intended for that, but I think it's instructive, and I think consistency is important here, because the statutes are so similar. What I would point out is, as the court has stated, that there is intent here. The intent is to arouse or gratify sexual desire, so it's not one where there's strict liability because the event happened. The petitioner acknowledges, and we have given him credit for that, that this is something he did, that the petitioner did intentionally. It wasn't done negligently or whatever, but he says that nevertheless, under the categorical approach, it does not rise to the level of moral turpitude. That's the question before moral turpitude. We're not dealing with intent here. Yes. For the purpose of argument anyway, we concede that there's an intent to engage in a conduct. The only question for this court is whether it's morally turpitudinous. Your Honor, I think this instance and others, the statute that the Pennsylvania legislature enacted makes that distinction, that this is conduct in which people should not engage. That's their job. Suppose, as was posited by Judge Smith, a 19-year-old boy were to engage in intimate fraternization with a girl who was 15 but looked to be 18. And, of course, he did it intentionally, but he did not know that she was underage because he did not know she was underage. He thought she was approximately his age. Would that conduct, in your mind, rise to the level of moral turpitude? Again, I would look to how the Pennsylvania legislature structured the statute. And there they have provided an affirmative defense for what's essentially a mistake of fact, for lack of a better term. It's not an element of the offense that the state need to prove, but if an affirmative defense is raised, then the state has the opportunity to rebut that. So the state legislature, as is their prerogative, has made the distinction there that if you make a reasonable mistake, there is an escape hatch there. But barring that, a 19-year-old or a 35-year-old, in this case, is not supposed to be sexually involved with someone more than this amount of age. And the statutes of this have been on the books since the start of the democracy. That is what the legislature is entrusted to do, and it is certainly their role to speak for what is and is not morally permissible. I think what the board did in interpreting the INA here is certainly within their prerogative, and it's what they have been delegated to do. And it's consistent with other decisions, not all of which involve sexual intercourse, as is commonly understood. This is a case where it flows. It's not inconsistent with the Guericoka case, understanding that that's not published. And this is what the board's job is to do, is to interpret this statute in the context of the facts and the underlying record. And I think that's what they've properly done here. Are we at liberty at our position here, or are we going to step out of our assigned place by considering a separate defense to a prosecution by a defendant in this type of case, the so-called bailout or safe harbor provisions, when it's only a categorical approach that we can look at the statute with? I don't know that it's implicated here because it wasn't raised. I think it needs to be affirmatively raised as an affirmative defense. Yeah, but, see, the categorical approach, as I understand it, is pretty strict on reviewing the crime. We have to take the look at the crime that he was convicted of and look at it. There's no particular age that was significant for this statute, except the four-year difference, and look at the least, most culpable thing without, as I understand, looking at any safe harbor or separate defense that a defendant could have imposed. I don't think we get to that point, Your Honor, because if the affirmative defense of mistake fact is raised and is persuasive, there's no conviction. So we don't get to the second point of, is this person removable for crime involving moral interpretation? They don't get to court, or they don't get to this point, too, unless there's another reason. But unless there are other areas which I'd be happy to address that the Court would like to hear, I would. Well, one thing I'd like to ask. How can we assume that Pennsylvania, when they enacted this statute, decided that this conduct, under the least, most culpable conduct, involved moral interpretation? That's what you're asking us to decide. And if we write a decision, a precedential decision, that's what we must say. Well, we're not ceding the ultimate decision to the Pennsylvania Court, but they are interpreting their own statute. And they did say that the statute is specifically tailored to prevent older teens and adults from preying upon very young minor victims while recognizing that persons closer in age may be involved in lawful social and sexual relations. Is this the Albert opinion? Yes, and we said it in our brief. I don't have the page. Justice Zipalis' opinion, yes. Again, unless there are other matters that I can address for the Court, I would yield my time. I have nothing further. Thank you very much, Mr. Mankin. And Mr. Henry, rebuttal? Just very briefly on rebuttal. I think we need to distinguish between the state's interest in protecting young people from sexual exploitation. In doing that, they outlawed conduct that is not morally turpitudinous, or we don't know what their judgment was with regard to that. And I don't think that the Court can speculate as to what the legislature's intent was there. Well, the legislature generally adumbrated these various offenses under the denomination indecent assault. Now, that's derived from the Model Crimes Code, but that's what they called it. So we can't take anything from the use of the word indecent and the use of the word assault? Well, even under the definition of indecent contact, which is... It's defined. Yeah, it is defined, and I think you have to revert back to that categorical approach in determining whether it encompasses conduct that is broader than simply morally turpitudinous conduct, whether it also encompasses conduct that is not inherently base. And rather than guess what the legislature intended, I think the Court has to go back and apply that particular approach here. Thank you. Thank you very much. Counsel, thank you for your helpful arguments. We will take them into account as we take the matter under advisement. That concludes our arguments for this morning, and I'd ask the Clerk to please recess the Court.